UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LORAINE JUPITER** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 07-1689** |
| | * | |
| **AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE / AUTO CLUB FAMILY INSURANCE COMPANY ET AL** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court are the Motion for Partial Summary Judgment on Coverages A and B filed by Auto Club Family Insurance Company (Rec. Doc. No. 26) and the Motion for Partial Summary Judgment on Coverages C and D filed by Auto Club Family Insurance Company (Rec. Doc. No. 28). For the following reasons, the motions are hereby GRANTED in part and DENIED in part.

**I.     BACKGROUND**

This case arises out of damage to Plaintiff's property at 7421 Arbor Drive in New Orleans, Louisiana resulting from Hurricane Katrina. Plaintiff's property was damaged by wind, wind driven rain, flooding, storm surge and waters. Allstate, Plaintiff's flood insurance carrier, paid Plaintiff $225,500 under Coverage A for building damage and $31,500 under Coverage C for contents. The Plaintiff also held a homeowner's insurance policy with the Defendant, Auto Club Family Insurance Company ("ACFIC"). The Plaintiff asserted that its property was a total loss. The Plaintiff seeks damages, including statutory damages and attorneys' fees pursuant to La. Rev. Stat. § 22:1220 (now La. Rev. Stat. § 22:1973) and La. Rev. Stat. § 22:658 (now La. Rev. Stat. § 22:1892).

The Defendant has answered and denies liability. ACFIC reports that it has paid the

Plaintiff $58,280.24 out of a limit of $231,000 for Coverage A (Dwelling), $19,899.25 out of a limit of $23,100 for Coverage B (Other Structures), $1,749.98 out of a limit of $138,600 for Coverage C (Personal Property), and $26,150 out of a limit of actual loss incurred for Coverage D (Loss of Use/ALE). Thus, ACFIC has paid a total of $106,079.47 under all coverages. The Defendant claims the wind and rain damage was not substantial. The Defendant claims the water damage, flood exclusion, power failure exclusions, and neglect exclusions preclude liability. The Defendant further alleges that the Plaintiff did not comply with the requirements in the policy after loss.

On April 10, 2007 the Defendant removed the case to federal court on the basis of diversity of citizenship. On May 10, 2007, this case was consolidated into *In re: Katrina Canal Breaches Litigation,* C.A. No. 05-4182. On August 25, 2008, this case was deconsolidated from the Katrina Canal Breaches cases and transferred to this Court.

The Defendant ACFIC filed a Motion for Partial Summary Judgment on Coverages A and B,[1] and a Motion for Partial Summary Judgment on Coverages C and D.[2] The matter was set for hearing on May 13, 2009. For oral reasons given, the Court granted summary judgment in part as to Coverages A, B, C and D, finding that the policy unambiguously excludes flood coverage and the anti-concurrent clause in the policy also is enforceable and unambiguous. The Court further granted summary judgment finding that the Plaintiff's claim pursuant to the Valued Policy Law ("VPL") should be dismissed, as the property was not a total loss, and the loss was in substantial part due to a non-covered peril. The Court denied summary judgment on the issue of whether the Plaintiff has been fully compensated and whether the Plaintiff is entitled to

---

[1]*See* Rec. Doc. No. 26.

[2]*See* Rec. Doc. No. 28.

Additional Living Expenses ("ALE"). The Court deferred ruling on the issue of whether the Plaintiff is entitled to statutory penalties. The Court, having reviewed the arguments of counsel, the record, and applicable jurisprudence, is fully advised and now ready to rule.

II.     MOTIONS & ANALYSIS

The Defendant seeks summary judgment finding that the Plaintiff is not entitled to statutory penalties pursuant to La. Rev. Stat. § 22:658 and/or La. Rev. Stat. § 22:1220 (now La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973, respectively) for Coverages A, B, C and D. The Defendant claims that a dispute as to the amount of recovery does not warrant the imposition of bad faith penalties. The Defendant further argues that Plaintiff's contents list was inadequate to adjust the claim. In response, Plaintiff asserts that a factual issue exists as to whether Defendant timely adjusted the claim in good faith. The Plaintiff asserts that the Defendant failed to timely pay the claim despite the fact that the Plaintiff provided evidence of damage.

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case and on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48, 106 S.Ct. 2505.

Louisiana law provides that statutory penalties may be assessed against insurers in certain situations for failure to timely resolve claims or pay settlement awards. For example, Louisiana Revised Statute § 22:658 (now La. Rev. Stat. § 22:1892) provides that failure to timely pay or attempt to settle a claim in certain circumstances shall subject the insurer to a penalty "when such failure is found to be arbitrary, capricious, or without probable cause." La. Rev. Stat. § 22:658(B)(1). Similarly, Louisiana Revised Statute § 22:1220 (now La. Rev. Stat. § 22:1973) sets forth that an insurer that breaches its "duty of good faith and fair dealing" to the insured shall be subject to statutory penalties. La. Rev. Stat. § 22:1220.

Under Louisiana law, however, the determination of whether an insurer acted arbitrarily, capriciously, or without probable cause necessarily depends on the facts of each individual case. *See Roberie v. S. Farm Bureau Cas. Ins*. Co., 250 La. 105, 194 So.2d 713, 716 (La.1967) ("A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case."); *see also Combetta v. Ordoyne*, 04-2347, pp. 8-11

(La.App. 1 Cir. 5/5/06); 934 So.2d 836, 842-43 ("In order to determine whether or not an insurer acted reasonably and in good faith in negotiating and settling a claim, one must look to the facts of the individual case."). Moreover, in bad faith actions against an insurer, the insured bears a considerable burden because "the insured is seeking extra-contractual damages, as well as punitive damages." *See Lewis v. State Farm Ins. Co.*, 41-527, p. 25 (La.App. 2 Cir. 12/27/06); 946 So.2d 708, 725. The insured must prove that the "insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse." *See Holt v. Aetna Cas. & Sur. Co.*, 28450-CA, p. 18 (La.App. 2 Cir. 9/3/96); 680 So.2d 117, 130."

Turning to the instant case, the Court finds that ACFIC did not act arbitrarily, capriciously, or without probable cause in resolving the Plaintiff's insurance claims. The Defendant asserts that payments were timely made after it received satisfactory proof of loss. The Defendant has provided evidence in the form of an affidavit from James Strike, ACFIC's Director of Claims, regarding the amounts of payments and the dates those payments were made. Although the Plaintiff asserts that there is a factual dispute as to the timeliness of the payments, the Plaintiff sets forth no evidence that the payments were not timely made, nor does she even allege dates that satisfactory proof of loss was submitted. Further, the contents list provided by the Plaintiff did not include receipts and there remains a dispute as to the extent to which Plaintiff's property was damaged by wind as opposed to flood. The Plaintiff has identified no specific facts to support the claim that the payments were not timely made.

ACFIC had a reasonable basis to defend against the Plaintiff's claim in light of the fact that the property was flooded with a substantial amount of water. The Plaintiff has already recovered the limits of her flood insurance policy. The Defendant adjusted the Plaintiff's claim and provided her payment in the amount of $58,280.24 out of a limit of $231,000 for Coverage

A (Dwelling), $19,899.25 out of a limit of $23,100 for Coverage B (Other Structures), $1,749.98 out of a limit of $138,600 for Coverage C (Personal Property), and $26,150 out of a limit of actual loss incurred for Coverage D (Loss of Use/ALE). Thus, ACFIC has paid a total of $106,079.47 under all coverages. Although it may well be true that these amounts are not sufficient to fully compensate the Plaintiff for the damages to the property not already paid for under the flood insurance, the fact that the parties dispute the total cost of repairs caused by a covered peril does not warrant the imposition of statutory penalties for bad faith. Accordingly, the Court must grant summary judgment as to the Plaintiff's claims for statutory bad faith penalties.

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Partial Summary Judgment on Coverages A and B filed by Auto Club Family Insurance Company (Rec. Doc. No. 26) and the Motion for Partial Summary Judgment on Coverages C and D (Rec. Doc. No. 28) finding that the Plaintiff is not entitled to statutory penalties pursuant to La. Rev. Stat. § 22:1220 (now La. Rev. Stat. § 22:1973) and La. Rev. Stat. § 22:658 (now La. Rev. Stat. § 22:1892) are hereby GRANTED. For oral reasons given, the Motion for Partial Summary Judgment on Coverages A and B filed by Auto Club Family Insurance Company (Rec. Doc. No. 26) and the Motion for Partial Summary Judgment on Coverages C and D (Rec. Doc. No. 28) are hereby GRANTED in part, finding that the policy unambiguously excludes flood coverage, the anti-concurrent clause in the policy is enforceable and unambiguous, and the Plaintiff's claims pursuant to the VPL and for statutory penalties are dismissed. The motions are also DENIED in part, as whether the Plaintiff has been fully compensated and whether the Plaintiff is entitled to Additional Living Expenses ("ALE") are factual issues inappropriate for summary judgment at

this time.

New Orleans, Louisiana this 26th day of May, 2009.

_____
UNITED STATES
DISTRICT JUDGE